**O'HAGAN MEYER**
THEODORE C. PETERS (SBN 235115)
BESSIE MAFUD (SBN 321860)
2615 Pacific Coast Highway, Suite 300
Hermosa Beach, CA 90254
Tel: 310.807.1100 | Fax: 310.807.1115
Email: tpeters@ohaganmeyer.com
Email: bmafud@ohaganmeyer.com

*Attorney for Defendant*
WALMART INC.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK REMME,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>WALMART, INC.; and DOES 1 through 20, Inclusive,<br><br>　　　　　Defendants. | Case No.:   23-5083<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) DIVERSITY BY DEFENDANT WALMART INC.**<br><br>Complaint Filed: August 16, 2022<br>Trial Date:　　None Assigned |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

　　　**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Walmart Inc. ("Defendant") hereby removes this civil action from the Superior Court of California for the County of Orange, where it is currently pending as Case No. 30-2022-01275694-CU-PO-NJC, to the United States District Court for the Central District of California.

This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) on the grounds that complete diversity exists between all parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Plaintiff Mark Remme is a resident, citizen and domiciliary of the State of California. Defendant Walmart Inc. is a Delaware corporation with its principal place of business in the State of Arkansas.

## BACKGROUND

On August 16, 2022, an action was commenced in the Superior Court of the State of California in and for the County of Orange, entitled "Mark Remme v. Walmart, Inc., and DOES 1 to 20 inclusive", as Case Number 30-2022-01275695-CU-PO-NJC. On January 17, 2023, Plaintiff filed a First Amended Complaint. Pursuant to 28 U.S.C. § 1446(a), a copy of the Summons and First Amended Complaint ("FAC") are attached hereto as **Exhibit 1**.

Plaintiff asserts in the FAC two causes of action, for negligence and premises liability, arising out of an incident in which Plaintiff claims to have slipped and fallen on a wet floor. The incident allegedly occurred on the premises of one of Defendant's retail store locations in Brea, California, on or about August 18, 2020. Plaintiff claims that as a result of the incident, he sustained general and special damages. In a May 26, 2023, 2022, Statement of Damages, Plaintiff asserts that he has incurred general damages (for pain, suffering, inconvenience, and emotional distress) in the sum of $750,000.00 and special damages (for medical expenses, future medical expenses, loss of earnings and loss of future earning capacity) in the sum of $335,000.00. A copy of Plaintiff's Statement of Damages is attached hereto as **Exhibit 2**.

## GROUNDS FOR REMOVAL

As set forth more fully below, this Court has subject matter jurisdiction under 28 U.S.C. § 1332, which confers original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and

costs, and is between … citizens of different States and in which citizens or subjects of a foreign state are additional parties[.]"

### I. The Amount-In-Controversy Requirement is Satisfied.

Plaintiff's FAC does not specify the amount of damages sought by way of his action. Pursuant to California Code of Civil Procedure §§ 425.10 and 425.11, a plaintiff in a personal injury action is not permitted to include a specific damages prayer in his complaint. Upon request, however, he is required to provide a detailed statement of damages within fifteen (15) days. Before Plaintiff served Defendant with the Summons and Complaint, however, he prepared and caused to be served *with* the FAC, his "Statement of Damages." (**Exhibit 2**) Therein, Plaintiff asserts damages of not less than $750,000.00 in general damages, and not less than $335,000.00 in special damages. (**Exhibit 2**) Plaintiff thus asserts total damages of not less than $985,000.00.

District Courts within the Ninth Circuit have reached varied decisions as to whether to treat statements of damage as sufficient to establish the amount in controversy. "Generally, the statement of damages is not conclusive but can be "strong evidence" of the amount in controversy – evidence that is adequate to meet defendant's burden, depending on the circumstances." *Brovold v. Safeway Inc.* No. 3:20-vc-05792-BHS-JRC, 2020 WL 6566164, at *2 (W.D. Wa. Oct. 14, 2020), citing *Mozingo v. Japan Airlines Co.,* No. 20-CV-583 JLS (AGS), 2020 WL 2092913, at *2 (S.D. Cal. May 1, 2020) (remanding matter where statement of damages asserted $265,000 in damages but only $15,000 had been paid to date for medical expenses and the remainder of the calculation was entirely conclusory and unrealistic); *Flores v. Safeway, Inc.*, No. C19-0825-JCC, 2019 WL 4849488, at *1 (W.D. Wash. Oct. 1, 2019) (denying motion to remand where statement of damages gave a specific estimate of the amount sought, which appeared reasonable and which plaintiff did not disavow); *Jackson v. Target Corp.,* No. CV086814RSWLVBKX, at *1 (C.D. Cal. Dec. 22, 2008) (denying motion for remand where it was not a "bold

3
**NOTICE OF REMOVAL**

optimistic prediction" to presume that plaintiff sought at least $75,000 where she alleged $783,205 in damages, including emotional distress, pain, suffering and inconvenience, loss of future earning capacity, and future medical expenses); *Ortiz v. Costco Wholesale Corp.*, No. 19-CV-1293 JLS (BGS), 2019 WL 3183675, at *2 (S.D. Cal. July 16, 2019) (remanding to state court where statement of damages did not explain how plaintiff arrived at the estimate of $620,091.40 and where the only damage claim supported by the complaint was $20,091.40 in medical expenses).

Courts in the Ninth Circuit, in assessing whether a removing party has satisfied its burden is establishing the amount in controversy requirement, have "endorsed the Fifth Circuit's practice of considering facts presented in the removal petition as well as 'any summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Wheeler v. United Financial Casualty Co.*, No. 2:16-cv-01875-SB, 2016 WL 6781612, at *2, citing *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 1997)).

In his FAC, Plaintiff asserts that, as a consequence of Defendant's negligence, he was "exposed to perilous and unsafe conditions, inclusive without limitation, wet floors with a puddle of water or liquid, causing the Plaintiff to fall and thereby sustain the hereinafter-described injuries and damages." (FAC, **Exhibit 1**, at ¶ 9.) He asserts that as a consequence, "Plaintiff was hurt and injured in his health, strength and activity, sustaining serious injuries to his body and suffering severe shock and injuries to his nervous system and person, all of which injuries have caused, and continue to cause, Plaintiff great mental, physical, psychological and nervous pain and suffering, all to Plaintiff's general damages…" (*Id.* at ¶ 12.)

Plaintiff also claims that "Plaintiff was required to and did incur medical and incidental expenses…" and that "for a period to [sic] time in the future, be required to employ physicians and incur additional medical and incidental expenses thereby." (*Id.* at ¶¶ 13-14.) Plaintiff further asserts that "Plaintiff was unable to attend to her [sic] usual employment and has lost income…" and that "for a period of time in the

future, be unable to attend to, and\or obtain, gainful employment, or that her [sic] ability to obtain gainful employment is diminished and\or her [sic] earning capacity has been diminished." (*Id.* at ¶¶ 15-16.)

Plaintiff's Statement of Damages should be received as compelling evidence of the amount in controversy in this instance, particularly in light of the serious nature of the injuries Plaintiff allegedly sustained while a customer in one of Defendant's retail stores. While Plaintiff was not required to submit a Statement of Damages specifying his damages prior to serving the Complaint, he elected to do so, contemporaneously with serving Defendant with the Complaint. While Plaintiff may not ultimately be able to recover as much as $985,000.00 for his alleged injuries as is reflected in his Statement of Damages, as in *Jackson v. Target Corp., supra,* it is not a "bold optimistic prediction" to presume that Plaintiff seeks to recover *at least $75,000* where he has alleged $985,000.00 in general and special damages.

Accordingly, the amount in controversy in this action well exceeds $75,000, exclusive of interest and costs.

Because the amount in controversy exceeds $75,000, removal on the basis of diversity is proper pursuant to 28 U.S.C. § 1441(b).

## II. Complete Diversity of Citizenship Exists Between Plaintiff and Defendant.

On information and belief, Plaintiff is a resident of Brea, California. Plaintiff is therefore a citizen of California. Defendant states that it was incorporated in the State of Delaware and further states that its principal place of business is in Arkansas. For purposes of diversity, therefore, Defendant is a citizen of Arkansas and Delaware.

The Complaint also names "DOES 1-20" as Defendants. (Complaint, **Exhibit 1**, at ¶ 3.) For purposes of removal, however, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Therefore, the inclusion of "Doe" defendants in the state court Complaint has no effect on removability. In determining whether diversity of citizenship exists, only the named

defendants are considered.  *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998); *see also Olive v. Gen. Nutrition Ctrs., Inc.*, No. 2:12-cv-04297-ODW, 2012 WL 2006389, at *1 (C.D. Cal. June 5, 2012); *Marsikyan v. Porsche Cars N. Am., Inc.*, No. CV 11-09411 SJO, 2012 WL 280585, at *2 (C.D. Cal. Jan. 30, 2012).

### III.   The Other Prerequisites for Removal are Satisfied.

This Notice of Removal is timely filed.  The relevant statute provides that "[e]ach defendant shall have 30 days after receipt… of the initial pleading… to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B).  Plaintiff filed his Complaint with the state court on August 16, 2022, and his FAC on January17, 2023.  Defendant was served with the FAC (**Exhibit 1**), together with Plaintiff's Statement of Damages (**Exhibit 2**), on May 31, 2023.

This action is properly removed to the United States District Court for the Central District of California, which is "the district and division embracing the place where [the] action is pending." 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 84(c) (listing the counties within the Central District of California).

Title 28 U.S.C. § 1446(a) requires a copy of all process, pleadings, and orders served upon the removing defendant in the state court action (30-2022-01275694-CU-PO-NJC) to be included with this Notice of Removal.  True and correct copies of the following documents are attached hereto as:

- **Exhibit 1** – Summons and First Amended Complaint
- **Exhibit 2** – Statement of Damages
- **Exhibit 3** – Civil Case Cover Sheet

Pursuant to 28 U.S.C. § 1446(d), a Notice to Adverse Party of Removal to Federal Court, attached hereto as **Exhibit 4**, together with this Notice of Removal, will be served upon counsel for Plaintiff, and will be filed with the clerk of the Superior Court for the County of Orange.

By filing this Notice of Removal, Defendant does not waive any objections to jurisdiction or venue, and specifically reserves the right to assert any defenses and/or objections to which it may be qualified to assert.

If any question arises as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to submit briefing and oral argument and to conduct discovery in support of its position that subject matter jurisdiction exists.

DATED: June 27, 2023            Respectfully submitted,

**O'HAGAN MEYER**

By:   /s/ Theodore C. Peters
     THEODORE C. PETERS
     BESSIE MAFUD
     *Attorneys for Defendant*
     *WALMART INC.*